ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **ANNETTE ROLDÁN FIGUEROA**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>**V.**<br><br>**ON THE WHEELS, LLC H/N/C TAÍNO MOTORS**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLRA202400102** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA*** procedente del **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACo)** Oficina Regional de Caguas<br><br>Caso Núm.<br>**CAG-2023-0005500**<br><br>Sobre:<br>Compraventa de vehículo de motor. |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 30 de abril de 2024.

Comparece ante este Tribunal de Apelaciones, **ON THE WHEELS, LLC H/N/C TAÍNO MOTORS (ON THE WHEELS)** mediante un *Recurso de Revisión Judicial* incoado el 28 de febrero de 2024. En su escrito, nos solicita que revisemos la *Resolución Sumaria* decretada el 29 de enero de 2024 por el **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACo)**, Oficina Regional de Caguas.[1] Mediante dicha decisión administrativa, se declaró *ha lugar* la *Querella* y ordenó la entrega de la cantidad íntegra de $254.16 por cobro indebido en concepto de tablilla de vehículo de motor nuevo dentro del término de treinta (30) días.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Esta determinación administrativa fue notificada y archivada en autos el 29 de enero de 2024. Véase Apéndice del *Recurso de Revisión Judicial,* págs. 7- 13.

# - I -

El 7 de noviembre de 2023, la señora **ANNETTE ROLDÁN FIGUEROA** (señora **ROLDÁN FIGUEROA**) interpuso una *Querella* ante el **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO)**.[2] Alegó que, para el 19 de octubre de 2020, adquirió un vehículo de motor en Taíno Motors (**ON THE WHEELS**); el importe de la tablilla fue $499.00; se comunicó para el rembolso del pago; y le indicaron que tenía que presentar una querella.

El 10 de enero de 2024, **ON THE WHEELS** presentó su *Contestación a Querella* en la cual negó todas las alegaciones por falta de conocimiento y/o por la manera en que fueron redactadas. Entre las defensas afirmativas plantearon que: la *Querella* no aduce hechos que justifiquen la concesión de un remedio; cualesquiera cargos que fueron cobrados, si alguno, fueron informados y aceptados por la señora **ROLDÁN FIGUEROA**, así como desglosados de conformidad con las disposiciones legales y reglamentarias aplicables; no adeudaba cantidad alguna por compensación de ninguna índole, ni por otro concepto; todas las reclamaciones estaban prescritas; y la señora **ROLDÁN FIGUEROA** le relevó de los sucesos reclamados al momento de adquirir el vehículo.[3]

El 29 de enero de 2024, **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO)** dictaminó la *Resolución Sumaria* impugnada. En la aludida *Resolución Sumaria,* se dispuso que "cuando de la querella y su expediente administrativo surge que no hay controversia real de hechos, este Departamento puede ordenar sumariamente el cumplimiento de lo que proceda conforme a derecho. La prueba que obra en el expediente es suficiente para concluir que no hay controversia esencial sobre ningún hecho material, por lo que procede como cuestión de derecho, que se emita

---

[2] Dicha *Querella* estaba acompañada de copia de la Orden de Compra y el Recibo número 294; y el 8 de noviembre de 2023, fue notificada por el **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO)** a **ON THE WHEELS**. Véase Apéndice del *Recurso de Revisión Judicial,* págs. 1- 4.
[3] Véase Apéndice del *Recurso de Revisión Judicial,* págs. 5- 6.

resolución resolviendo la reclamación de forma sumaria. En estos casos es innecesaria la celebración de una vista administrativa". En sus determinaciones de hechos concluyó:

1.	La parte querellante se identifica como: Annette Roldán Figueroa (en lo sucesivo la Querellante) mayor de edad, con dirección postal: HC 30 Box 35002, San Lorenzo, Puerto Rico 00754.

2.	La parte querellada On the Wheels, LLC h/n/c/ Taíno Motors (en lo sucesivo la Querellada) con dirección postal: PO Box 8853 Carolina, Puerto Rico 00988-8853.

3.	Según la Orden de Compra, con fecha del 19 de octubre de 2020, la Querellante adquirió en la Querellada, un vehículo de motor nuevo del año 2020, marca Mitsubishi modelo Outlander, tablilla JMZ177.

4.	La Querellada le cobró a la Querellante la cantidad de $499.00 en concepto de tablilla. Ese pago cual no fue acreditado en la Orden de Compra.

5.	Debido a esta situación, la Querellante radicó la querella de epígrafe solicitando la devolución del pago en exceso hecho por concepto de tablilla.

Así pues, concedió el remedio reclamado aplicando el Reglamento 9158, Regla 20 inciso f, y ordenó a ON THE WHEELS entregar a la señora ROLDÁN FIGUEROA la cantidad íntegra de $254.16 por haber cobrado indebidamente dicha suma en concepto de tablilla de un vehículo de motor nuevo dentro del término de treinta (30) días contados a partir de la notificación de la *Resolución Sumaria*.[4]

Inconforme con la antedicha decisión administrativa, el 28 de febrero de 2024, ON THE WHEELS acudió ante este foro intermedio mediante un *Recurso de Revisión Judicial*. En su escrito, señala el siguiente error:

Erró el Honorable Departamento de Asuntos del Consumidor al disponer de la Querella sumariamente en violación al debido proceso de ley de la querellada-recurrente.

El 5 de marzo de 2024, pronunciamos *Resolución* en la cual concedimos un plazo de treinta (30) días para presentar su(s) alegato(s) en oposición al recurso a la señora ROLDÁN FIGUEROA. Al día de hoy, la señora

---

[4] *Reglamento de Prácticas Comerciales*, Reglamento Núm. 9158 de 6 de febrero de 2020. La Regla 20 del Reglamento prescribe que, para los vehículos nuevos el cargo por registro y tablilla está permitido, sujeto a que el monto sea claramente desglosado en el contrato de compraventa y no exceda a las cuantías establecidas por el Departamento de Transportación y Obras Públicas.

ROLDÁN FIGUEROA no ha presentado contención alguna. Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la controversia planteada.

- II -

- A -

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) provee un cuerpo de normas mínimas para regir los procesos de adjudicación y reglamentación en la administración pública.[5] El referido estatuto, en su Sección 4.1, instituye la *revisión judicial* de las determinaciones finales de las agencias por este Tribunal de Apelaciones.[6]

La *revisión judicial* tiene como propósito limitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley.[7] El criterio rector al momento de pasar juicio sobre una decisión de un foro administrativo es la *razonabilidad* de la actuación de la agencia.[8] Nuestra evaluación de la decisión de una agencia se circunscribe, entonces, a determinar si esta actuó de forma arbitraria, ilegal o irrazonable, o si sus acciones constituyen un abuso de discreción.[9]

Empero, las decisiones de los organismos administrativos especializados gozan de una presunción de legalidad y corrección, por lo que, sus conclusiones e interpretaciones merecen gran consideración y respeto.[10] Por ello, al ejecutar nuestra función revisora, este tribunal intermedio está obligado a considerar la especialización y experiencia de la agencia, distinguiendo entre cuestiones de interpretación estatutaria —sobre las que

---

[5] Conocida como la Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9601 *et seq*; *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 621 (2018).

[6] 3 LPRA § 9671.

[7] *Torres v. Junta Ingenieros*, 161 DPR 696, 707 (2004).

[8] *Hernández Feliciano v. Mun. Quebradillas*, 2023 TSPR 6, 211 DPR __ (2023); *González Segarra v. CFSE*, 188 DPR 252, 276 (2013); *Otero v. Toyota*, 163 DPR 716, 727 (2005); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da ed., Bogotá, Ed. Forum, 2001, pág. 543.

[9] *Hernández Feliciano v. Mun. Quebradillas*, *supra*.

[10] *Torres Rivera v. Policía de PR*, 196 DPR 606, 625- 626 (2016); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891 (2008).

los tribunales son especialistas— y cuestiones propias de la discreción o pericia administrativa.[11]

Ahora bien, tal norma no es absoluta. Nuestro más alto foro ha instituido que no podemos dar deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. En el caso *Torres Rivera v. Policía de PR*, se concretaron las normas básicas sobre el alcance de la *revisión judicial* al expresar:

> [L]os tribunales deben dar deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.[12]

El alcance de la *revisión judicial* de las determinaciones administrativas se ciñe a comprobar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en *evidencia sustancial* que obra en el expediente administrativo; y (3) si las conclusiones de derecho fueron las correctas.[13]

En cuanto a las determinaciones de hechos, estas serán sostenidas por los tribunales si están respaldadas por *evidencia sustancial* que surja del expediente administrativo considerado en su totalidad.[14] La *evidencia sustancial* es aquella relevante que una mente razonable puede aceptar como adecuada para sostener una conclusión.[15] Debido a la presunción de regularidad y corrección que cobija a las decisiones de las agencias administrativas, quien alegue ausencia de *evidencia sustancial* debe presentar

---

[11] *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).
[12] 196 DPR 606, 628 (2016).
[13] Sección 4.5 de la LPAU, 3 LPRA sec. 9675; *OEG v. Martínez Giraud*, 120 DPR 79, 89 (2022); *Torres Rivera v. Policía de Puerto Rico, supra*, pág. 627.
[14] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 37 (2018).
[15] *Otero v. Toyota, supra*, pág. 728.

prueba suficiente para derrotar dicha presunción.[16] Lo cual implica que, estas determinaciones serán respetadas mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas.[17] Para ello "tiene que demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración".[18] A esto se le conoce como la norma de la *evidencia sustancial*, con lo cual se persigue evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor.[19] Por lo tanto, aun cuando exista más de una interpretación razonable de los hechos, el tribunal debe dar deferencia a la agencia, y no sustituir su criterio por el de esta.[20]

Por otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno.[21] Aun así, debemos dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Es por ello, "[a]un en casos dudosos en que la interpretación de la agencia no sea la única razonable, la determinación de la agencia merece deferencia sustancial".[22]

En suma, si la decisión recurrida es razonable y se sostiene en la *evidencia sustancial* que obra en el expediente administrativo, procede su confirmación.[23] Por el contrario, los tribunales revisores podemos intervenir con la decisión recurrida cuando no está basada en *evidencia sustancial*, o

---

[16] *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128 (2019).
[17] *Íd.,* pág. 128.
[18] *Gutiérrez Vázquez v. Hernández y otros,* 172 DPR 232, 244 (2007).
[19] *Pacheco v. Estancias*, 160 DPR 409, 432 (2003).
[20] *Íd.*
[21] *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).
[22] *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011).
[23] *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 893.

cuando la actuación es arbitraria, irrazonable o ilegal, o cuando afecta derechos fundamentales.[24]

**- B -**

Por otro lado, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) se creó con el propósito de sistematizar y crear un cuerpo de reglas mínimas que provean uniformidad al proceso decisional de las agencias públicas, al así alentar a la solución informal de las controversias ante las agencias administrativas.[25] Tal precepto legal, a su vez, "faculta a las entidades administrativas a disponer de los asuntos ante su consideración mediante resolución sumaria", a menos que una ley orgánica de la agencia disponga lo contrario.[26]

La sección 3.7, inciso (b), de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) sobre las órdenes y resoluciones sumarias en los procedimientos administrativos enuncia:

> (b) Si la agencia determina a solicitud de alguna de las partes y luego de analizar los documentos que acompañan la solicitud de orden o resolución sumaria y los documentos incluidos con la moción en oposición, **así como aquéllos que obren en el expediente de la agencia**, que no es necesario celebrar una vista adjudicativa, podrá dictar órdenes o resoluciones sumarias, ya sean de carácter final, o parcial resolviendo cualquier controversia entre las partes, que sean separable de las controversias, excepto en aquellos casos donde la ley orgánica de la agencia disponga lo contrario.
> La agencia no podrá dictar órdenes o resoluciones sumarias en los casos en que: (1) existen hechos materiales o esenciales controvertidos; (2) hay alegaciones afirmativas en la querella que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la petición una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derechos no procede.[27]

Así pues, el mecanismo de resolución sumaria tiene como propósito "agilizar el proceso adjudicativo en casos en que no estén presentes los

---

[24] *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581 (2020); *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177 (2009).
[25] Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA § 9647; *Torres Santiago v. Depto. Justicia, supra*, pág. 991.
[26] *OCS v. Universal*, 187 DPR 164, 177 (2012); *Torres Santiago v. Depto. Justicia, supra*, pág. 991.
[27] 3 LPRA § 9647.

hechos materiales en controversia".[28] Por consiguiente, "[n]ada impide que una agencia pueda adjudicar sin celebrar una vista evidenciaria cuando no exista controversia sobre los hechos y, además, toda la evidencia documental que surge del expediente señale claramente la corrección de la determinación de la agencia".[29] No obstante, el Tribunal Supremo ha recalcado que "la naturaleza informal o sumaria de un proceso adjudicativo no puede ser un obstáculo para que se les garanticen a las partes afectadas el mínimo irreductible de garantías procesales reconocidas como justas y equitativas".[30] Particularmente, hay que conceder a la parte afectada una notificación adecuada, la oportunidad de confrontarse con la prueba de la otra parte, la de presentar la suya, la de reconsiderar la determinación administrativa y la de revisar judicialmente dicha determinación.[31] En correlación al precepto antes aludido, la Regla 11.1 del *Reglamento de Procedimientos Adjudicativos* del DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (**DACo**) expresa:

> El Departamento ordenará el cumplimiento de lo que proceda conforme a Derecho sin la celebración de vista administrativa, cuando luego de las partes haber hecho sus planteamientos y de haber evaluado la evidencia, no surja una controversia real de hechos. En tal caso, si una de las partes solicita reconsideración, se citará a vista en reconsideración siempre que se establezca la existencia de una controversia real sobre hechos pertinentes.[32]

## - C -

Por medio del *Reglamento de Prácticas Comerciales*, Reglamento Núm. 9158, el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (**DACo**) agrupó las medidas que uniforman determinadas prácticas comerciales.[33] Esto con el fin de velar por la seguridad y confianza de los consumidores. Este *Reglamento* aplica a toda persona natural o jurídica que se dedique a ofrecer bienes o servicios a consumidores en la jurisdicción del Gobierno de Puerto Rico.

---

[28] *OCS v. Universal, supra*, pág. 177-178.
[29] *Íd.*, pág. 178.
[30] *Torres Santiago v. Depto. Justicia, supra*, pág. 993.
[31] *Íd.*, pág. 994.
[32] Reglamento Núm. 8034 de Procedimientos Adjudicativos del Departamento de 14 de junio de 2011.
[33] *Reglamento de Prácticas Comerciales*, Reglamento Núm. 9158 de 6 de febrero de 2020.

La Regla 14, en el inciso b del citado *Reglamento*, define como parte del concepto de prácticas y anuncios engañosos, lo siguiente:

Cobrar una cantidad de dinero por concepto de cargos por servicios, cuando dichos servicios son inexistentes o no susceptibles de ser corroborados. Los servicios básicos accesorios, que no sean operacionales, sino que resulten necesarios para que el consumidor reciba el bien o servicio ofrecido, no pueden gravarse con cargos adicionales separados del precio.[34]

En relación con la venta de vehículos de motor, la Regla 20 (f) del aludido *Reglamento* establece:

En toda transacción de compraventa o arrendamiento de un **vehículo de motor nuevo**, **los gastos de registro o gestiones relacionadas al mismo, no deberán exceder las cuantías establecidas por el Departamento de Transportación y Obras Públicas para lograr el registro de la unidad.** Todo gasto atribuible a dicha transacción deberá ser claramente desglosado por el vendedor en el contrato de compraventa. No se podrá cobrar dos veces por la misma gestión. En el caso de los vehículos de motor usados, el concesionario no podrá cobrar cuantía alguna por concepto de traspaso o gestiones relacionadas al mismo.

- III –

En su *Recurso de Revisión Judicial*, ON THE WHEELS argumentó que el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO) no podía disponer sumariamente de la *Querella*. En síntesis, que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) condiciona a las agencias administrativas a dirimir sumariamente a solicitud de parte y brindándole así, la oportunidad de oponerse. Además, arguyó que en su *Contestación a Demanda* fueron controvertidos todos los hechos materiales y esenciales de la *Querella*. No le asiste la razón.

En la susodicha *Resolución Sumaria*, el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO) hizo constar que tuvo ante sí la Orden de Compra (Exhibit I) y el Recibo 294 (Exbitit II) concerniente al vehículo de motor adquirido por la señora ROLDÁN FIGUEROA. El Recibo 294 refleja que la señora ROLDÁN FIGUEROA pagó la cantidad de $499.00 **por concepto de tablilla** a

---

[34] *Íd.*

ON THE WHEELS.[35] Consiguientemente, conforme al Reglamento Núm. 8034, Regla 27.1, el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO) podrá otorgar el remedio que en derecho proceda, aun cuando la señora ROLDÁN FIGUEROA no haya solicitado una tramitación sumaria. Más bien, la prueba o evidencia que obra en el expediente administrativo es suficiente para concluir que no hay controversia esencial sobre ningún hecho material, por lo que le damos deferencia a la determinación de la agencia administrativa al pronunciar su *Resolución Sumaria* solucionando la *Querella* de forma sumaria. En concreto, **no** hay controversia sobre el cobro de $499.00 por concepto de tablilla. No hay controversia tampoco en cuanto a que el *Reglamento* del DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO) es claro y decreta que solo se puede cobrar lo que dictamina el Departamento de Transportación y Obras Públicas (DTOP): $244.00 en automóviles, así que cualquier cuantía cobrada en exceso de $244.00 se considera un cobro ilegal.

Tras un concienzudo análisis de la totalidad del expediente, no hallamos indicador alguno que vislumbre que el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO) hubiese actuado de manera arbitraria, ilegal o irrazonable, o si sus acciones constituyen un abuso de discreción. Contrario a ello, notamos que del expediente apelativo emana la existencia de suficientes elementos que nos llevan a concluir que la decisión administrativa está sustentada y/o avalada por *evidencia sustancial*.

No subsiste razón alguna, de hecho, o de derecho, que nos persuada a intervenir y variar la determinación recurrida. Además, del *Recurso de Revisión Judicial* entablado tampoco se desprende alguna otra prueba para rebatir la presunción de corrección que cobija el dictamen administrativo. Cónsono con lo anterior, somos del criterio de que la *Resolución Sumaria* dictaminada por el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO)

---

[35] Véase Apéndice del *Recurso de Revisión Judicial,* pág 8. Cabe destacar, ON THE WHEELS **no** acompañó copia de la Orden de Compra y del Recibo 294, anejados a la *Querella,* a su *Recurso de Revisión Judicial.*

fue una apropiada. Así pues, brindamos la deferencia al organismo administrativo por su expertise; y nos abstenemos de intervenir dado que su decisión es una racional.

- **IV** -

Por los fundamentos antes expuestos, ***confirmamos*** la *Resolución Sumaria* decretada el 29 de enero de 2024 por el **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR** (**DACO**) en la cual se declaró *ha lugar* la *Querella*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones